IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

GREGORY GORDON,

                Petitioner,                ORDER

    v.                                          08-cv-336-bbc

J.B. VAN HOLLEN, Attorney General,
State of Wisconsin, and
ROBERT K. FOLLIS, Sheriff, Bayfield
County Jail,

                Respondents.

---

    Petitioner Gregory Gordon, an inmate at the Bayfield County Jail awaiting trial in the Circuit Court for Bayfield County, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner's motion for leave to proceed *in forma pauperis* was granted in a separate order. The petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

    Petitioner has been charged with operating a vehicle while under the influence (fifth offense), operating with a prohibited alcohol concentration of .02 or more (fifth offense), criminal damage to property and resisting or obstructing an officer, Wis. Stat. §§ 346.63(1)(a) and (b), 943.01(1) and 946.41(1). Wisconsin Circuit Court Access, available at http://wcca.wicourts.gov, search Bayfield County case number 07 CF 0081 (visited June 10, 2008). His trial is scheduled for June 11, 2008. Petitioner contends that he was

arrested without probable cause and a proper Miranda warning and that the arresting officer lied in his report and at the preliminary hearing. He alleges that he unsuccessfully raised these challenges in the circuit court in a motion to suppress all evidence and a motion to dismiss with prejudice. Dkt. #1 at ¶ 2. From documents attached to the petition, it also appears that petitioner may be raising an ineffectiveness of trial counsel claim. Office of Lawyer Regulation grievance form, id., Exh. D. Petitioner requests that this court stay the state court proceedings until it can review the relevant transcripts and an audio recording of the arresting officer, which he claims have not been provided to him.

This court has no authority to enjoin the criminal prosecution against petitioner. Federal courts may not interfere in ongoing state criminal prosecutions unless a failure to do so will result in irreparable injury, which is "both great and immediate." Younger v. Harris, 401 U.S. 37, 46 (1971) (quoting Fenner v. Boykin, 271 U.S. 240 (1926)); see also Neville v. Cavanagh, 611 F.2d 673, 675 (7th Cir. 1979) (federal courts reluctant to grant pre-trial habeas relief, particularly where it would derail pending state criminal proceeding). "[T]he cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special sense of that term." Younger, 401 U.S. at 46. Petitioner's allegations do not allow an inference to be drawn that he will suffer irreparable injury if he is forced to defend the pending state prosecution.

Even if petitioner's state criminal trial were completed, he could not bring a § 2254 habeas petition until he has exhausted his state court remedies by presenting his claims to

the state courts. Cabrera v. Hinsley, 324 F.3d 527, 531-32 (7th Cir. 2003); United States ex rel. Parish v. Elrod, 589 F.2d 327, 329 (7th Cir. 1979). Although petitioner alleges that he presented his claims to the state circuit court, nothing in the petition or in court records available electronically indicates that he has sought relief from the state court of appeals and, if necessary, the state supreme court. Engle v. Isaac, 456 U.S. 107, 125 n. 28, 1570 n. 28 (1982) (claims exhausted when presented to highest state court for ruling on merits or when state remedies no longer remain available). Because petitioner has not exhausted the remedies that are available to him in state court and principles of comity prevent this court from intervening in his state criminal trial, the petition will be dismissed.

ORDER

IT IS ORDERED that the petition of Gregory Gordon for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE for petitioner's failure to exhaust his state court remedies and on the ground that this court is precluded by principles of comity from granting the relief sought.

Entered this 11th day of June, 2008.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge